FILED
2021 Dec-13  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HARBIN, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 1:21-cv-01469-ACA** |
| | ] | |
| **TPFE, INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## ORDER

Before the court is Plaintiffs James Harbin, Shonnie Maglione, and Tina Ridley's motion for Clerk's entry of default, pursuant to Federal Rule of Civil Procedure 55(a), as to Defendants TPFE, Inc. and LAV Services, LLC.  (Doc. 8). The court **GRANTS IN PART** and **DENIES IN PART** the motion.

The court **GRANTS** the motion for entry of default as to Defendant TPFE, Inc. because the green card contains a legible signature, and the individual who signed for service checked the "agent" box.  (*See* Doc. 4).  Therefore, the court finds that Defendant TPFE has been properly served but has not answered or appeared. Accordingly, Clerk's entry of default is appropriate.

The court **DENIES** the motion for entry of default as to Defendant LAV Services, LLC.  The individual who signed for service checked the "agent" box on the green card, but the signature itself is illegible, and there is no printed name.  (*See*

Doc. 6).  Therefore, neither the court nor the parties can determine whether the individual who signed for service is a proper agent of Defendant LAV Services, LLC.  In addition, based on the court's experience receiving similar returns of service, it appears that the mail carrier wrote a Covid-19 notation on the signature line, as opposed to a registered agent signing for service.  Therefore, the court finds that Defendant LAV Services, LLC has not been properly served.  Accordingly, Clerk's entry of default as to this Defendant is not appropriate.

**DONE** and **ORDERED** this December 13, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE