# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HARBIN, et al.,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 1:21-cv-01469-ACA** |
| | ] | |
| **TPFE, INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Richard Zeitlin's motion to dismiss.  (Doc. 20).

Plaintiffs James Harbin, Shonnie Maglione, and Tina Ridley are former employees of Defendant TPFE, Inc. ("TPFE"), which currently does business as Defendant LAV Services, LLC ("LAV Services").  Mr. Zeitlin owns and operates TPFE and LAV Services.

TPFE terminated Plaintiffs' employment in 2020.  After their terminations, Plaintiffs filed this lawsuit, alleging that Defendants discriminated against them and retaliated against them in violation of their rights under various federal laws. Relevant to the instant motion, Mr. Harbin alleges that Mr. Zeitlin retaliated against him in violation of the Family Medical Leave Act ("FMLA") ("Count Seven"), and Ms. Maglione alleges that Mr. Zeitlin interfered with her rights under

the FMLA ("Count Fourteen") and retaliated against her in violation of the FMLA ("Count Seventeen"). (Doc. 1 at ¶¶ 174–192, 336–353, 396–419).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Mr. Zeitlin moves to dismiss Counts Seven, Fourteen, and Seventeen, arguing the counts fail to state a claim for relief because he is not an "employer" as defined in the FMLA. Plaintiffs' complaint alleges enough factual matter, taken as true, to suggest that Mr. Zeitlin is an "employer" under the FMLA. Therefore, the court **DENIES** his motion to dismiss.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to Plaintiffs. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

TPFE and LAV Services are telemarketing companies. (Doc. 1 at ¶¶ 5, 12). TPFE operates and does business as LAV Services. (*Id.* at ¶ 13). Mr. Zeitlin owns TPFE and LAV Services and acts in the interest of both companies. (*Id.* at ¶¶ 20, 186, 189). Mr. Zeitlin also maintains control over significant aspects of TPFE's and LAV Services' daily functions. (Doc. 1 at ¶¶ 186–187, 348–349, 414–415).

Mr. Harbin worked as a janitor and maintenance person for TPFE. (*Id.* at ¶ 55). In January 2020, TPFE granted Mr. Harbin's request for FMLA leave to have surgery for blood clots. (*Id.* at ¶¶ 58–60). When Mr. Harbin returned to work in

March 2020, TPFE told him that his employment was terminated due to a reduction in force.  (*Id.* at ¶¶ 63–64).

Ms. Maglione worked as the office manager at TPFE.  (*Id.* at ¶ 197).  In March 2020, Ms. Maglione requested six weeks of FMLA leave to have surgery.  (Doc. 1 at ¶ 198).  TPFE denied Ms. Maglione's request and allowed her only one week of leave.  (*Id.* at ¶ 200).  After she returned from her one week of leave in April 2020, TPFE increased her workload.  (*Id.* at ¶¶ 406–407).  In July 2020, TPFE told her that her employment was terminated due to "revenue."  (Doc. 1 at ¶ 409).

Based on these facts, Mr. Harbin asserts an FMLA interference claim against Mr. Zeitlin, and Ms. Maglione asserts an FMLA interference and an FMLA retaliation claim against Mr. Zeitlin.  (*Id.* at ¶¶ 174–192, 336–353, 396–419).

## II.   DISCUSSION

Mr. Zeitlin moves to dismiss Mr. Harbin's and Ms. Maglione's FMLA claims against him.  (Doc. 20).

"To survive a [Rule 12(b)(6)] motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'"  *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mr. Zeitlin argues that Mr. Harbin's and Ms. Maglione's FMLA claims against him do not state a claim because they have not alleged sufficient facts to show that he is an "employer" under the FMLA. (Doc. 20).

The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(i), (ii)(I). Neither party cites, and the court has not located, United States Supreme Court or Eleventh Circuit authority addressing the circumstances under which a private individual is considered an "employer" under the FMLA. But the Eleventh Circuit has explained that given the almost identical definition of "employer" contained in the Fair Labor Standards Act ("FLSA"), "decisions interpreting the FLSA offer the best guidance for construing the term 'employer' as it is used in the FMLA." *Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999).

For purposes of the FLSA, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly

and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986). However, "to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel*, 803 F.3d at 638). "Whether an individual falls within this definition does not depend on technical or isolated factors but rather on the circumstances of the whole activity." *Id.* (quotation marks omitted). Still, the level of control over day-to-day functions must be "both substantial and related to the company's [FMLA] obligations." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1314 (11th Cir. 2013).

Mr. Harbin and Ms. Maglione have pleaded sufficient facts to survive Mr. Zeitlin's motion to dismiss. Mr. Harbin and Ms. Maglione allege that as the owner and operator of TPFE and LAV Services, Mr. Zeitlin maintains control over significant aspects of both entities' daily functions. (Doc. 1 at ¶¶ 186–87, 348–49, 414–15). Although not detailed, the court can reasonably infer from these facts that discovery may show that Mr. Zeitlin exercised the requisite level of control to qualify as an "employer" under the FMLA. The inquiry at this stage is not whether Mr. Harbin and Ms. Maglione will ultimately prevail. Rather, the question is whether the complaint sets out facts sufficient to "raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The court finds that it does.

## III.    CONCLUSION

The court **DENIES** Mr. Zeitlin's motion to dismiss Mr. Harbin's and Ms. Maglione's FMLA claims against him.  (Doc. 20).

**DONE** and **ORDERED** this March 28, 2022.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE